## No. 18,400.

AMERICAN LUTHERAN CHURCH, ET AL. *v.* THE EVANGELICAL
LUTHERN ST. PAUL'S CHURCH OF LOVELAND, ET AL.
(343 P. [2d] 711)

Decided August 31, 1959.

Messrs. APPLE & WEST, for plaintiffs in error.

Mr. JOHN A. CROSS, Mr. ROBERT C. CHRISTENSEN, for
defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the
trial court, where plaintiffs in error were defendants
and defendants in error were plaintiffs.

It is alleged in the complaint that the individually
named plaintiffs were members of the plaintiff church,
and that three of them were trustees thereof; that the
three individually named defendants executed a certain

deed purporting to convey the real estate occupied by the plaintiff church to the defendant American Lutheran Church; that said conveyance was executed and delivered without right or authority on the part of the grantors therein to act in that behalf, and contrary to the constitution and by-laws of The Evangelical Luthern St. Paul's Church of Loveland; and that no consideration was paid by the grantee for the property which the deed purported to convey. The prayer of the complaint was that the deed be adjudged null and void and that title to the church property be quieted in the plaintiff corporation.

In their answer defendants admitted the execution of the deed in question; denied the alleged illegality thereof; and alleged that no valid authorization for institution of the action in the name of the church was ever had; that plaintiffs have no power or authority to bring the action; and that the defendants who executed the deed had authority to so act.

The issues were tried to the court; judgment was entered in favor of plaintiffs; and title to the property was quieted in The Evangelical Luthern St. Paul's Church of Loveland, Colorado.

Defendants seek review of this judgment by writ of error.

The evidence discloses that at a meeting of the congregation of plaintiff corporation held January 9, 1955, a resolution was adopted to disband the church. It was determined to request The Reverend Fritschel to preside at a subsequent meeting to be held on April 12, 1955. He occupied the position of President of the Central District of the American Lutheran Church, the corporate defendant. This corporation claims to have general supervisory powers and jurisdiction over the affairs of the Loveland church under Section 40 of the constitution of the latter, which provides:

"This congregation and its pastor shall be in union with and under the supervision of the Evangelical

Lutheran Synod of Iowa and Other States, and shall consider itself bound if possible to send a delegate to the synodical meetings."

The Reverend Fritschel testified that the last mentioned Synod of Iowa and Other States was no longer in existence. He stated: "It merged into the American Lutheran Church some years ago with the Synod of Ohio, and the Synod of Buffalo." No change was ever made in the constitution of the Loveland Church in any manner concerning the language of section 40 thereof, above quoted.

At the above mentioned meeting of April 12, which was presided over by the central district president of the defendant corporation, the three individual defendants were selected to act in the matter of signing the deed conveying the Loveland church property. The record contains much conflicting evidence as to how, when, and by whom the selection was made.

■ The trial court made findings from which we quote the following:

"THE COURT DOTH FURTHER FIND that the attempted action of the congregation of The Evangelical Luthern St. Paul's Church of Loveland, Colorado, to authorize Erwin G. Fritschel to appoint three persons to convey the church property was improper under the constitution of The Evangelical Luthern St. Paul's Church of Loveland, Colorado, and was *ultra vires* and the proceedings undertaken in pursuance of the supposed authorization were improper, illegal and void.

\* \* \*

"THE COURT DOTH FURTHER FIND that under the constitution of The Evangelical Luthern St. Paul's Church of Loveland, Colorado, George Bernhardt, Godfred Martin and Edward J. Spreng, the trustees of said church had sole authority to convey the church property and were the proper persons under said constitution to execute any duly authorized conveyance and that said constitution was not amended to impair or supersede the

authority of said trustees and that the attempted conveyance of the church property by Omar H. Karspeck, Gerd H. Ihnen and Otto Stahlecker, under the assumed authority of the attempted action of the congregation and the direction of Erwin G. Fritschel was unwarranted, illegal and void and that the deed so executed by defendants, Omar H. Karspeck, Gerd H. Ihnen and Otto Stahlecker is a nullity and has no legal force or effect.

"That there is no evidence to establish that plaintiff, The Evangelical Luthern St. Paul's Church of Loveland, Colorado, is a member church of defendant, American Lutheran Church or any of its synods, subordinates or affiliated organizations, but on the contrary the evidence shows that plaintiff, the Evangelical Luthern St. Paul's Church of Loveland, Colorado, is an autonomous organization or corporation organized under the laws of the State of Colorado."

There is ample evidence in the record to support the findings made by the trial court, and the applicable principles of law were correctly applied.

The judgment is affirmed.

MR. CHIEF JUSTICE KNAUSS and MR. JUSTICE DAY not participating.